## NEW YORK, NEW HAVEN & HARTFORD RAILROAD CO. v. HENAGAN.

No. 38. Argued November 8, 1960.—Decided November 21, 1960.

*Noel W. Deering* argued the cause and filed a brief for petitioner.

*James W. Kelleher* argued the cause for respondent. With him on the brief was *Daniel J. Hanlon.*

PER CURIAM.

The respondent was a waitress in the grill car of one of petitioner's trains. She brought this action under the Federal Employers' Liability Act, 45 U. S. C. § 51 *et seq.,* for damages for injuries allegedly sustained when an emergency application of the brakes brought the train to a sudden stop. A jury which heard the case in the District Court for the District of Massachusetts returned a verdict for respondent. The trial judge denied the petitioner's motions for judgment notwithstanding the verdict and for a new trial. The Court of Appeals for the First Circuit affirmed, 272 F. 2d 153. We granted certiorari, 362 U. S. 967.

The train was pulling into petitioner's station at Providence, Rhode Island, for a scheduled stop. One Montell,

apparently to commit suicide, stepped on the track from the station platform as the train approached alongside the platform. The engineer made the emergency application of the brakes in an unsuccessful effort to stop the train before it reached Montell. We have examined the trial record and hold that the proofs were insufficient to submit to the jury the question whether employer negligence played a part in the emergency application of the brakes which allegedly produced the respondent's injury. See *Herdman* v. *Pennsylvania R. Co.*, 352 U. S. 518.

The judgment of the Court of Appeals is reversed and the cause remanded to the District Court with direction to enter judgment for the petitioner notwithstanding the verdict.

*It is so ordered.*

MR. JUSTICE BLACK and MR. JUSTICE DOUGLAS dissent. They believe there was evidence of negligence sufficient for the jury, as summarized by Judge Woodbury, speaking for a unanimous Court of Appeals. 272 F. 2d 153. They also dissent from the direction to enter judgment for the petitioner, since they are of the view that if there is a reversal, there should be a new trial. See *Galloway* v. *United States*, 319 U. S. 372, 396 (dissenting opinion).

For the reasons set forth in his opinion in *Rogers* v. *Missouri Pacific R. Co.*, 352 U. S. 500, 524, MR. JUSTICE FRANKFURTER is of the view that the writ of certiorari was improvidently granted.