Richard A. WHALEN, Appellant,

v.

The ROANOKE COUNTY BOARD OF SUPERVISORS; William F. Clark, Individually; Raymond Eugene Robertson, Individually; Appellees.

No. 83–2095.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 4, 1984.

Decided Aug. 8, 1985.

For majority opinion of the Court see 769 F.2d 221 (4 Cir.1985).

HARRISON L. WINTER, Chief Judge, concurring and dissenting:

I concur in Parts I and II of Judge Butzner's opinion. I dissent, however, from Part III. Clark has neither preserved for appellate review nor pressed any claim that he is entitled to a new trial. Since his is not an exceptional case, I think therefore that we should reverse the judgment of the district court without remanding the case for reconsideration of the motion for new trial.

I.

After the jury found for plaintiff, Clark moved for judgment notwithstanding the verdict or in the alternative for a new trial. Clark assigned nine separate grounds in support of his motion, six of which were factually based and three of which related to the conduct of the trial. His factually based grounds were either that there was "no evidence" to prove a given fact or that plaintiff "failed to prove" a given fact. He nowhere asserted that the verdict was against the weight of the evidence with regard to any factual aspect of the case.

In granting Clark's motion for judgment n.o.v., the district court discussed fully the sufficiency of the evidence to support the verdict. Pursuant to Fed.R.Civ.P. 50(c), the district court also made a conditional ruling on the alternate relief requested, saying:

> The court perceives no error in the conduct of the original trial, hence, a new trial would not be warranted in the event Mr. Whalen successfully appeals this court's judgment in favor of defendant notwithstanding the jury's verdict.

To my mind, the district court demonstrated that it understood Clark's motion to be based entirely on the assertion that the evidence was legally insufficient to support the verdict and that there were procedural errors in the conduct of the trial. The district court did not indicate that there was any issue about the weight of the

evidence, including any question about the credibility of the witnesses. Clark made no motion for reconsideration of the ruling on the ground that the district court incorrectly perceived the issues raised.

Clark did not pursue any aspect of the new trial motion on appeal, either by brief or oral argument. In describing the district court proceedings, he appended an enigmatic footnote to his brief's recital of the district court's rulings, saying:

> Thus, unless this Court directs otherwise Clark will not receive a new trial even if the trial court's decision to render judgment notwithstanding the verdict is overruled.

Clark's brief is otherwise devoid of any mention of the conditional denial of his motion for a new trial or why the denial was erroneous. In the conclusion to his brief, Clark's only prayer for relief is that "[p]laintiff's appeal should ... be denied, and the decision of the trial court should be affirmed."

### II.

"[T]he granting or refusing of a new trial is a matter resting in the sound discretion of the trial judge, and ... his action thereon is not reviewable upon appeal, save in the most exceptional circumstances." *City of Richmond v. Atlantic Co.,* 273 F.2d 902, 916–17 (4 Cir.1960) (quoting *Aetna Casualty & Surety Co. v. Yeatts,* 122 F.2d 350, 354 (4 Cir.1941)); 11 Wright & Miller, Federal Practice & Procedure § 2818 (1973). Here the district court did not abuse its discretion by failing to address explicitly the issue whether the verdict was against the weight of the evidence. Clark himself did not raise the issue in his new trial motion, and has not even seen fit to raise the issue on appeal. Nor, in my opinion, is the evidence here so one-sided that justice requires setting aside the jury's verdict. Were this the exceptional situation, we could remand for retrial or reconsideration on our own motion. *Cf. Neely v. Martin K. Eby Construction Co.,* 386 U.S. 317, 329, 87 S.Ct. 1072, 1080, 18 L.Ed.2d 75 (1967) (appellate court, on appeal from denial of j.n.o.v. motion, may

grant new trial as alternative to j.n.o.v.). I am not persuaded, however, that such interference with the jury's verdict and the district court's new trial motion ruling is appropriate in the present case.