Covon **MARTIN**, a child under the age of 18 years by his mother and guardian Kim Martin and Kim Martin, mother and guardian of Covon Martin, Plaintiffs–Appellees,

v.

Richard W. **MOSCOWITZ**, M.D. and Richard W. Moscowitz, M.D., P.A., P.C., Defendants–Appellants.

No. 06–4624–cv.

United States Court of Appeals, Second Circuit.

April 2, 2008.

Richard Nealon, Meiselman, Denlea, Packman, Carton & Eberz P.C., White Plains, NY, for Defendant–Appellant.

Bradley A. Sacks, New York, NY, for Plaintiff–Appellee.

PRESENT: Hon. WILFRED FEINBERG, Hon. PETER W. HALL, Circuit Judges, Hon. LEONARD B. SAND, District Judge.\*

### SUMMARY ORDER

Defendant–Appellant Richard Moscowitz appeals from the December 15, 2005 judgment of the District Court for the Northern District of New York (Hurd, J.) finding Moscowitz liable for medical malpractice and awarding damages to Plaintiff–Appellee Covon Martin in the amount of $3.45 million. We assume the parties' familiarity with the facts and proceedings below.

■ We first consider whether the district court was correct in entering judgment as a matter of law in favor of Martin on the element of proximate cause.[1] "We review de novo the district court's [decision on] a motion for judgment as a matter of law, applying the same standards that guided the district court's consideration of the issue." *Nimely v. City of New York,* 414 F.3d 381, 389–390 (2d Cir.2005). Judgment as a matter of law is warranted "only when, viewing the evidence most favorably to the party other than the movant, there can be but one conclusion as to the verdict that reasonable men could have reached." *Weldy v. Piedmont Airlines,* 985 F.2d 57, 59–60 (2d Cir.1993) (internal quotation marks omitted). When evaluating the evidence, the district court must "consider the evidence in the light most favorable to the party against whom the motion was made and ... give that party the benefit of all reasonable inferences that the jury might have drawn in his favor from the evidence." *Jarvis v. Ford Motor Co.,* 283 F.3d 33, 43 (2d Cir.2002) (internal quotation marks omitted). " 'The court cannot assess the weight of conflicting evidence, pass on the credibility of the witnesses, or substitute its judgment for that of the jury.' " *Id.* (internal quotation marks omitted).

Here, the district court entered judgment as a matter of law in favor of Martin because it found that any reasonable jury would have found that the surgery on Martin's right hip had caused Martin unnecessary harm. According to the district court, if the jury believed that Martin would have foregone surgery, then the August 18, 1999 surgery was itself the harm;

\* The Honorable Leonard B. Sand, of the United States District Court for the Southern District of New York, sitting by designation.

1. Although on appeal Moscowitz raises a colorable argument that Martin's motion for judgment as a matter of law at trial did not "identify the specific element that the defendant contends is insufficiently supported," *Galdieri–Ambrosini v. Nat'l Realty & Dev. Corp.,* 136 F.3d 276, 286 (2d Cir.1998), Moscowitz failed to raise this objection before the district court at the time he opposed Martin's post-verdict renewed motion for judgment as a matter of law; he thereby waived the objection. *Gibeau v. Nellis,* 18 F.3d 107, 109 (2d Cir.1994). As a result, we "may only consider the argument [if] necessary to serve an interest of justice." *Id.* (internal quotation marks omitted). Moscowitz has not persuasively shown that our reaching this issue is necessary to serve an interest of justice, and we therefore decline to do so.

and if the jury believed that Martin would have undergone surgery using cannulated screws if informed consent had been obtained, it should have found harm based either on (1) the overwhelming evidence showing that the Knowles pins caused Plaintiff's chondrolysis, or (2) the evidence showing that the pins themselves had lengthened Plaintiff's recovery time and forced him to undergo a later surgery to remove them.

These determinations were incorrect. First, with respect to the "no surgery" option, neither party argued, either at trial or in connection with Martin's renewed motion for judgment as a matter of law, that Martin would have foregone surgery altogether had he known of the risks associated with Knowles pins. The surgery itself was therefore not necessarily a harm.[2] Second, the district court erred in finding that any reasonable jury would have found either that the Knowles pins caused Plaintiff's chondrolysis or that the subsequent surgeries resulted from the use of Knowles pins. The evidence as to the source of Martin's chondrolysis consisted of conflicting studies and the dueling testimony of Martin's and Moscowitz's respective expert witnesses. Moscowitz had identified studies that suggested that the most likely cause of chondrolysis was the underlying slip or an autoimmune response, and Dr. Frankel had testified that Martin's chondrolysis had not been caused by pin penetration. The jury could have chosen to credit the testimony of Dr. Frankel rather than that of Martin's expert, and the district court was not entitled to "substitute its [own] judgment for that of the jury." *Jarvis*, 283 F.3d at 43 (internal quotation marks omitted). As for the district court's ruling that the jury should have found, at the very least, that the November 4, 1999 and May 11, 2000 surgeries were unnecessary harms substantially caused by the use of Knowles pins in the August 18, 1999 surgery, the jury could reasonably have considered reasons further surgeries may have been necessary, such as Martin's continuing pain and an August 1999 incident in which Martin slipped and fell on his side.

At the core of these determinations was the district court's apparent belief, shared by Martin's attorney, that Question 2b on the verdict form, which asked whether the jury found "that the operation of August 18, 1999, was a substantial factor in causing unnecessary injury to plaintiff Covon Martin's right hip," was "superfluous" in light of Question 2a, which asked whether a reasonably prudent person in Martin's position would have undergone the surgery "if given the appropriate information." The district court's ruling reflects an understanding that a determination in Martin's favor on the latter question necessitates a determination in his favor on the former. Such is not the case. When the

2. Consequently, the district court also erred during the damages trial when it instructed the jury that it must award damages for the August 18, 1999 surgery. That ruling reflected the district court's adoption of the traditional battery theory of informed consent, in which the lack of informed consent transforms the subsequent medical treatment into a battery. *See, e.g., Canterbury v. Spence*, 464 F.2d 772, 783 (D.C.Cir.1972) ("[T]herapy not authorized by the patient may amount to a tort—a common law battery—by the physician. And ... it is normally impossible to obtain a consent worthy of the name unless the physician first elucidates the options and the perils for the patient's edification."). If the August 18, 1999 surgery was a battery, ordinary tort principles would require that Martin be awarded damages (even if only nominal). But modern tort theory, which has apparently been adopted in New York, "views the failure to obtain the informed consent of a patient as a form of medical malpractice based on negligence." *Messina v. Matarasso*, 284 A.D.2d 32, 34, 729 N.Y.S.2d 4 (N.Y.App. Div.2001) (internal quotation marks omitted).

jury found that a reasonable person in Martin's position would not have undergone the August 1999 surgery had the risks been disclosed, it was finding for Martin on only one of two separate causation elements, that of but-for causation. "In an action raising lack of informed consent there are two separate causation elements: the 'but for' and the proximate cause elements." *Flores v. Flushing Hosp. & Med. Ctr.*, 109 A.D.2d 198, 200, 490 N.Y.S.2d 770 (N.Y.App.Div.1985). The but-for element asks whether a reasonable person in the plaintiff's position would have undergone the treatment at issue. Once that question is answered in the affirmative, "a second inquiry is then directed at whether injury in fact resulted from the disputed treatment, for obviously there can be no recovery without actual damages to the plaintiff. This is the proximate cause element." *Id.* at 200–01, 490 N.Y.S.2d 770. These two prongs of the causation element are independent; a finding in favor of Martin on the first did not require a finding in his favor on the second. Because a reasonable jury could have found in Moscowitz's favor, the district court erred in granting judgment as a matter of law, and we reverse its judgment to that extent.[3]

■ Although the district court erred in granting judgment as a matter of law to Martin, the court also entered an alternative order granting Martin's Rule 59 motion for a new trial. Federal Rule of Civil Procedure 50 permits the district court to enter such a "conditional" order so that if

the judgment as a matter of law is reversed on appeal, "the new trial shall proceed unless the appellate court has otherwise ordered." Fed.R.Civ.P. 50(c)(1). The district court may grant a motion for a new trial, "although there is evidence to support the jury's verdict, so long as the district court determines that, in its independent judgment, the jury has reached a seriously erroneous result or its verdict is a miscarriage of justice." *Nimely*, 414 F.3d at 392 (internal quotation marks and alteration omitted). A finding that "the jury's verdict is against the weight of the evidence" would suffice to support the granting of a motion for a new trial. *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 133 (2d Cir.1998). When considering a Rule 59 motion, the district court "is free to weigh the evidence [itself], and need not view it in the light most favorable to the verdict winner." *Id.* We review the district court's decision on a motion for a new trial for abuse of discretion. *Nimely*, 414 F.3d at 392.

The district court did not abuse its discretion when it granted Martin's Rule 59 new trial motion based on its finding that the jury's proximate causation determination was "seriously erroneous, as well as a miscarriage of justice." Martin had introduced extensive evidence, in the form of an expert witness, treating physicians, and medical studies, that tended to show that his chondrolysis had been caused by Moscowitz choosing to use Knowles pins rather than a cannulated screw. When ruling on the Rule 59 motion, the district court was

---

**3.** Although we agree with Moscowitz that the district court erred in granting judgment as a matter of law, we find no merit in his claim that judgment as a matter of law violated his rights under the Seventh Amendment. At the time of the damages trial, the district court had entered judgment as a matter of law in favor of Martin, and in doing so it had displaced the jury verdict. Revisiting the jury verdict in that manner does not violate the Federal Constitution, *Neely v. Martin K. Eby Constr. Co.*, 386 U.S. 317, 322, 87 S.Ct. 1072, 18 L.Ed.2d 75 (1967), and the appropriate issue is thus whether the district court was correct in entering judgment as a matter of law, not whether its doing so violated Moscowitz's Seventh Amendment right to a trial by jury.

free to weigh this evidence and make its own determinations about the credibility of the competing expert witnesses. We find that it did not abuse its discretion when, after reviewing this evidence, it ordered a new trial, and we affirm its judgment in this respect.

Because the remainder of Moscowitz's arguments concern the conduct of the damages trial and the amount and form of the damages award, we do not reach them.

We **REVERSE** the district court insofar as it granted judgment as a matter of law to Martin, **AFFIRM** its ruling in favor of Martin on his motion for a new trial, **VA-CATE** the judgment, and **REMAND** for a new trial.