**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2371**

LEO THOMPSON,

        Plaintiff - Appellant,

     v.

CITY OF CHARLOTTE, a municipal corporation,

        Defendant - Appellee.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:17-cv-00600-FDW-DSC)

Submitted:  August 17, 2020                    Decided:  September 17, 2020

Before KING and WYNN, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Todd J. Combs, COMBS LAW, PLLC, Mooresville, North Carolina, for Appellant.  Hope A. Root, Senior Deputy City Attorney, Andrea M. Leslie-Fite, Assistant City Attorney, CITY ATTORNEY'S OFFICE FOR THE CITY OF CHARLOTTE, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After he was discharged from his employment with the City of Charlotte, North Carolina ("City"), Leo Thompson filed a lawsuit alleging, *inter alia*, disability discrimination and retaliation, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 to 12213 (ADA), and wrongful discharge, in violation of North Carolina state law. A jury found in favor of the City on Thompson's disability discrimination and wrongful discharge claims but returned a verdict in Thompson's favor on the retaliation claim. However, the City challenged the verdict on the retaliation claim by requesting judgment as a matter of law, pursuant to Fed. R. Civ. P. 50(b),[1] and the district court ultimately granted the City's motion. On appeal, Thompson argues that the district court erred in granting judgment as a matter of law to the City on his retaliation claim. He further contends that the court erred in instructing the jury and by determining that retaliation damages are an equitable remedy.[2] We affirm.

I

We review de novo a district court's grant of a Rule 50(b) motion. *Legacy Data Access, Inc. v. Cadrillion, LLC*, 889 F.3d 158, 169 (4th Cir. 2018). In reviewing a Rule

---

[1] It is undisputed that the City filed a Fed. R. Civ. P. 50(a) motion before the case was submitted to the jury. *See Price v. City of Charlotte*, 93 F.3d 1241, 1248-49 (4th Cir. 1996) (recognizing that a party "is required to have raised the reason for which it is entitled to judgment as a matter of law in a Rule 50(a) motion before the case is submitted to the jury and reassert that reason in its Rule 50(b) motion after trial if the Rule 50(a) motion proves unsuccessful").

[2] Because Thompson did not prevail on his claims and therefore was not entitled to any damages, we decline to address Thompson's damages-related argument.

50(b) motion, we view the facts presented at trial in the light most favorable to the nonmoving party. *A Helping Hand, LLC v. Balt. Cnty.*, 515 F.3d 356, 365 (4th Cir. 2008). However, "if the nonmoving party failed to make a showing on an essential element of his case with respect to which he had the burden of proof," judgment as a matter of law is properly granted. *Wheatley v. Wicomico Cnty.*, 390 F.3d 328, 332 (4th Cir. 2004) (internal quotation marks omitted).

The evidence presented at trial established that Thompson called the City's Employee Assistance Program ("EAP")—a counseling resource provided to all City employees—in February 2015 "and asked . . . to talk to someone because of all [his] depression from [his] medical problems." (S.J.A. 93).[3] Thompson called the EAP again in March 2015 because he had been having trouble sleeping and was distressed about his current work assignment. He expressed concern to the EAP counselor that he did not know what he was capable of and stated that he might "throw [a coworker] in the [wood] chipper." (S.J.A. 104). Thompson similarly expressed to a supervisor that he felt he might "go off on someone." (S.J.A. 304). Although calls to the EAP are typically confidential, the EAP counselor contacted City Human Resources and broke confidentiality to warn the City that a threat had been made against one of its employees.

Thompson was on medical leave until April 27, 2015, at which point he requested to return to work. After receiving the results of Thompson's fitness-for-duty exam, the

---

[3] "S.J.A." refers to the supplemental joint appendix submitted by the parties in this appeal.

City concluded that Thompson could not safely "return to work because he was a direct threat in the workplace to his coworkers, and there was not any accommodation that [the City] could make that would allow him to safely work with others." (S.J.A. 60). The City therefore terminated Thompson's employment.

The ADA protects against unlawful retaliation by prohibiting "discriminat[ion] against any individual because such individual has opposed any act or practice *made unlawful by this chapter* or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a) (emphasis added). Thus, in order to establish retaliation under the ADA, Thompson was required to "prove (1) he engaged in protected conduct, (2) he suffered an adverse action, and (3) a causal link exists between the protected conduct and the adverse action." *Reynolds v. Am. Nat'l Red Cross*, 701 F.3d 143, 154 (4th Cir. 2012). In establishing that he engaged in "protected activity," a plaintiff is not required to prove that the conduct he opposed was actually an ADA violation; however, he must demonstrate that he had "a reasonable, good faith belief" that the conduct violated the ADA. *Freilich v. Upper Chesapeake Health, Inc.*, 313 F.3d 205, 216 (4th Cir. 2002).

As the district court noted, Thompson's allegations that he engaged in protected activity by contacting the EAP concerning his mental health issues were insufficient to establish that he had engaged in protected activity—that is, that he "opposed an[] act or practice made unlawful" by the ADA "or participated in any manner in any investigation,

4

proceeding, or hearing under" the ADA. 42 U.S.C. § 12203(a).[4] Accordingly, the district court did not err in granting the City judgment as a matter of law on Thompson's retaliation claim.

## II

Thompson next argues that the district court failed to instruct the jury on the basic elements of an ADA claim and that this omission deprived him of substantial rights. Because Thompson did not preserve his objection to the jury instructions or the verdict sheet in the district court, our review is for plain error. Fed. R. Civ. P. 51(d)(2). The City produced evidence and testimony at trial that Thompson's employment was terminated because he posed a threat to the workplace. As the district court observed, the only evidence Thompson offered to rebut this nondiscriminatory reason for termination focused on the fact that he had not previously acted on his feelings. Because this is insufficient to prove that the City's nondiscriminatory rationale was pretext, we conclude that any error in the court's jury instructions did not substantially affect Thompson's rights.

---

[4] To the extent Thompson attempts to challenge the district court's grant of the City's Rule 50(b) motion as violative of the Seventh Amendment, we conclude that this argument lacks merit. *See Neely v. Martin K. Eby Constr. Co.*, 386 U.S. 317, 321 (1967) (addressing earlier iteration of Rule 50(b) and observing that "it is settled that Rule 50(b) does not violate the Seventh Amendment's guarantee of a jury trial").

## III

Accordingly, we affirm the judgment in favor of the City. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*