Richard B. Mensen, Plaintiff-Appellee, v. Baltimore & Ohio Railroad Company, a Corporation, Defendant-Appellant.

Gen. No. 68–103.

Fifth District.

August, 7, 1969.

MORAN, J., dissenting.

Roberts, Gundlach & Lee, of East St. Louis (Richard E. Boyle, of counsel), for appellant.

Bernard Heiligenstein, of Carlyle, and C. E. Heiligenstein, of Belleville, for appellee.

GOLDENHERSH, P. J.

Defendant, Baltimore & Ohio Railroad Company, appeals from the judgment of the Circuit Court of St. Clair County entered upon a jury verdict in the amount of $104,250.

Plaintiff's complaint, as amended, purporting to state a cause of action based upon the Federal Employers' Liability Act (45 USCA 51, et seq.) alleges that plaintiff was employed as a signal maintenance man and while he was changing a tire on a truck used in connection with his work, the truck fell upon him. It charges that defendant was negligent in that it provided, equipped and maintained its truck with faulty or defective tires or tubes, and failed to remove or replace said faulty or defective tires when defendant knew or should have known "that the same would subject the plaintiff to additional risk and hazard."

Plaintiff's duties required him to test flasher lights and signals in an assigned area and do whatever was necessary to maintain them in working order. He regularly used a truck provided by defendant, was in charge of its maintenance, and could use a credit card to buy gasoline, oil and filters. If tires were needed he was required to contact his supervisor who would issue a requisition for their purchase.

As the result of what plaintiff described as "separations" around the seams of the tubes, tires on the truck became flat on April 5, 1963; in 1964 on February 14, 17, 24, May 26, July 30, September 10, December 4, 5, 16; and in 1965 on January 30 and February 3.

Over a period of time plaintiff made 3 written, and 4 oral requests for new tubes. These requests were directed to R. V. Smith, Signal Supervisor in defendant's shop in Washington, Indiana. Smith, for various reasons declined to authorize the purchase except that on December 10, 1964, he permitted plaintiff to buy two new tubes which he was instructed to put on the front of the truck. On December 16, 1964, plaintiff requested permission to buy two snow tires.

On the morning of February 3, 1965, he had a flat tire. This involved the right rear tire which had previously gone flat, and had been repaired on January 30. He stopped, jacked up the truck and while he was removing the tire, the tire hit the fender of the truck, the truck slipped off the jack, and plaintiff was pushed backwards. There was nothing wrong with the jack, and plaintiff had previously used it four or five times. The tube was repaired that night and continued in use until defendant obtained tubeless snow tires for the truck several days later.

He reported the occurrence to Mr. Smith who said "I was scared something like that might happen." Mr. Smith died a year before the trial.

364

Defendant contends the circuit court erred in denying its motions for directed verdict and judgment n. o. v., and argues there is no evidence that any negligence on its part played any part, even the slightest, in producing plaintiff's injury.

■ The most recent comprehensive expressions of the Supreme Court with respect to the determination of negligence and causation in cases based on the Federal Employers' Liability Act are stated in Gallick v. Baltimore and O. R. Co., 372 US 108, 83 S Ct 659; and Rogers v. Missouri Pac. R. Co., 352 US 500, 77 S Ct 443. The Act does not, however, make the employer an insurer against injuries suffered by its employees, Wilkerson v. McCarthy, 336 US 53, 69 S Ct 413; Inman v. Baltimore & O. R. Co., 361 US 138, 80 S Ct 242; and to hold the employer liable it is necessary that there be evidence that his negligence played a part in causing the employee's injury. New York, N. H. & H. R. Co. v. Henagan, 364 US 441, 81 S Ct 198.

We have examined the many cases cited by counsel and those collected in notes found at 98 ALR2d 653, 30 ALR2d 1192, and in the annotations to 45 USCA 51. Any attempt at analysis, comparison, or reconciliation would serve only to further confuse an already chaotic situation.

■ In this case, assuming defendant was negligent in permitting a defective inner tube to remain on the truck, the evidence, in our opinion, fails to prove that its negligence caused plaintiff's injury. Nicholson v. Erie R. Co., 253 F2d 939 (CA 2nd); Dessi v. Pennsylvania R. Co., 251 F2d 149 (CA 3rd); Simpson v. Texas & New Orleans R. Co., 297 F2d 660 (CA 5th).

The performance of his duties required plaintiff to maintain the truck, including the changing of tires. It is not contended that defendant failed to furnish him with the tools necessary to change the tire, and the most

the evidence shows is that he may have been required to perform the particular task more often than if the tires were perfect, or that "but for" defendant's negligence plaintiff would not have been injured.

In a philosophic sense the existence of the flat tire may have played a part in producing plaintiff's injury in that had it not occurred, there might have been no occasion for changing the tire. What occurred here, however, could as well have happened while plaintiff was mounting a new tire furnished in compliance with his request, or in a routine rotation or replacement of tires.

We have examined the record and hold that the evidence was insufficient to take to the jury the question of whether defendant's negligence played a part in causing plaintiff's injury.

Because of the conclusion reached, it is not necessary to consider defendant's remaining claims of error.

For the reasons stated the judgment of the Circuit Court of St. Clair County is reversed.

Judgment reversed.

EBERSPACHER, J., concurs.

MORAN, J., dissenting.

In my opinion the judgment of the Circuit Court of St. Clair County in this case should be affirmed under the rationale of Gallick v. Baltimore & O. R. Co., 372 US 108, 83 S Ct 659.