**Kerry M. GOUGH, Trustee in Bankruptcy of Louis Rosen, dba Walnut Creek Furniture, Plaintiff-Appellee,**

v.

**ROSSMOOR CORPORATION and Crestmark Carpet and Drapery Company, Defendants-Appellants.**

**Nos. 75–1138, 75–1139.**

United States Court of Appeals, Ninth Circuit.

March 17, 1976.

Rehearing and Rehearing En Banc Denied June 4, 1976.

James E. Harrington, Jr. (argued), of Pettit, Evers & Martin, San Francisco, Cal., for defendant-appellant.

Maxwell Keith (argued), San Francisco, Cal., for plaintiff-appellee.

## OPINION

Before WRIGHT and KILKENNY, Circuit Judges, and CHRISTENSEN,* Senior District Judge.

WRIGHT, Circuit Judge:

This antitrust case appears before us for the second time. At trial the jury returned a verdict for defendant Rossmoor through answers to special interrogatories. On appeal this court determined that one of the interrogatories was improperly submitted to the jury and that the jury's answer was wrong as a matter of law. With this answer disregarded, all remaining jury answers were in favor of plaintiff Gough. *Gough v. Rossmoor Corp.,* 487 F.2d 373 (9th Cir. 1973).

This court originally directed that

[i]n view of the jury's findings with respect to substantive violation and damage, judgment should have been entered for plaintiff. The judgment is reversed and the cause remanded for this purpose.

Rossmoor petitioned for rehearing and included within that petition motions for judgment n.o.v. and new trial. The petition was denied, without reference to the motions included therein. However, this court modified the order quoted above, to read as follows:

The judgment is vacated and the cause remanded for further proceedings consistent with this opinion.

487 F.2d at 378.

On remand, Rossmoor renewed its motions for judgment n. o. v. and new trial. The trial judge, believing that he was foreclosed by our modified opinion from exercising his discretion as to these motions, denied both of them.

The sole issue presented is whether the trial judge correctly determined that our order remanding "for further proceedings consistent with this opinion" foreclosed his subsequent exercise of discretion on the motions for judgment n. o. v. and new trial. We hold that he did not.

That this court might have considered the motions for judgment n. o. v. and new trial on their merits is made clear by the Court in *Neely v. Eby Construction Co.,* 386 U.S. 317, 323, 87 S.Ct. 1072, 1077, 18 L.Ed.2d 75, 81 (1967). However, more often than not this court should refer such motions, arising for the first time on appeal, to the trial court so that it can first pass on them. *Id.* at 323–26, 87 S.Ct. at 1077–79, 18 L.Ed.2d at 81–83. *See also Iacurci v. Lummus Co.,* 387 U.S. 86, 88, 87 S.Ct. 1423, 1424, 18 L.Ed.2d 581, 583 (1967).

Unless this court expressly or by clear implication disposes of motions raised for the first time on appeal, it must be presumed that they will first be acted upon by the trial court on remand. The above rule is necessary to insure that *some* court consider the merits of the motions which a party is entitled to present.

In the first appeal of the instant case, this court neither expressly nor by clear implication ruled on the motions presented

*Honorable A. Sherman Christensen, Senior United States District Judge for the District of Utah, sitting by designation.

in the rehearing petition. To the contrary, the modification of the order from one requiring that "judgment . . . [be] entered for plaintiff" to one remanding "for further proceedings consistent with this opinion" strongly implied that the motions were to be entertained below on remand.

Gough directs our attention to certain language in our earlier opinion regarding the jury's factual findings on (a) power and intent to exclude, and (b) damages. We said those findings "established, as a matter of law," that defendants had engaged in illegal conduct which injured plaintiff. 487 F.2d at 376. Gough argues that by this language the court effectively denied the motions for judgment n.o.v. and new trial. We disagree.

Read in context, the use of the term "matter of law" suggests that the factual issues of power and intent, and damages, were as a matter of law properly presented to the jury. By contrast, the interstate commerce issue should not have been submitted to the jury, since "[t]he undisputed facts established that the necessary relationship to interstate commerce did exist." 487 F.2d at 377.

Nowhere in the course of the opinion preceding the phrase "matter of law" does this court set forth the evidence in such a way as to support a conclusion that the jury *must*, "as a matter of law," have found for plaintiff. Therefore, the "matter of law" language may mean that if the jury's answers were properly based on adequate evidence, the judgment must under law be for the plaintiff. If this interpretation is correct, the trial judge must now decide, in entertaining the motions for judgment n.o.v. and new trial, whether the evidence supported the jury's answers.

Assuming, without deciding, that Gough is correct in interpreting the "matter of law" language as being in effect a denial by this court of the motions presented, we would still reverse. The number of possible interpretations of the "matter of law" language suggests that none of them is supported by "clear implication." Thus the interpretation suggested by Gough, even if correct, cannot foreclose the exercise of discretion by the trial judge on remand.

Since the trial judge acted on the mistaken assumption that he could not adjudge the motions for judgment n.o.v. and new trial, we must remand so that he may do so. *See Fairmount Glass Works v. Cub Fork Coal Co.,* 287 U.S. 474, 53 S.Ct. 252, 77 L.Ed. 439 (1933); *Southern Pac. Co. v. Guthrie,* 186 F.2d 926 (9th Cir. 1951).

The cause is remanded for the trial judge's consideration of the merits of Rossmoor's motions for judgment n.o.v. and new trial.