944 F.2d 911
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Porter H. MITCHELL, Plaintiff-Appellant,
v.
MOBIL OIL CORPORATION, a New York corporation, Retirement
Plan of Mobil Oil Corporation, Trustees of the
Retirement Plan of Mobil Oil
Corporation, Defendants-Appellees.
 No. 91-1084.
 United States Court of Appeals,
Tenth Circuit.
 Sept. 18, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Mitchell appeals the entry of a judgment based upon the mandate of this court. We affirm.
 
 
 3
 Mr. Mitchell sued Mobil asserting age discrimination. A jury agreed and awarded Mr. Mitchell damages. Mobil appealed to this court and we reversed, holding that Mr. Mitchell's evidence was insufficient. We then remanded "for further proceedings in accordance with the opinion of this court."
 
 
 4
 Mr. Mitchell requested and received an extension of time to file a petition for rehearing with an en banc suggestion. In his request Mr. Mitchell recognized that this court's decision "calls for total dismissal of plaintiff's claims, not merely remand for new trial." In his petition for rehearing he represented to this court that we had reversed the judgments and ordered dismissal. He also claimed that he could present additional evidence at a retrial. We denied rehearing and granted Mr. Mitchell a stay while he petitioned for certiorari. Mr. Mitchell then filed a motion with this court to clarify its opinion and to declare he should have a new trial on remand. He stated if we deny this relief "Mitchell desires to challenge this ruling" in the petition for certiorari. Certiorari was denied, as was the relief requested from this court.
 
 
 5
 Upon remand, Mr. Mitchell asserted he was entitled to a new trial. The basis of this assertion was the fact that Mobil had failed to move for judgment notwithstanding the verdict.[1] As in his petition for rehearing, on remand Mitchell pointed to additional evidence he could offer in a second trial. Mitchell did not claim that the additional evidence was newly discovered. However, Mr. Mitchell argued he could reasonably be expected to discover new evidence.
 
 
 6
 The district court denied Mr. Mitchell's request for a new trial stating that the circuit court had not given the trial court that option. Mr. Mitchell appeals this decision asserting: (1) the district court misconstrued the mandate of this court; and (2) the district court erred in holding that this court and the district court possessed the power to afford Mobil any remedy other than retrial.
 
 
 7
 We begin our inquiry with an examination of this court's holding on appeal. There we said:
 
 
 8
 Since Mr. Mitchell did not meet his burden of production on the issue of pretext ... we reverse the trial court's denial of Mobil's motion for a directed verdict....
 
 
 9
 Mitchell v. Mobil Oil Corp., 896 F.2d 463, 473 (10th Cir.), cert. denied, 111 S.Ct. 252 (1990).
 
 
 10
 This holding became the law of this case when the mandate was issued. The holding was simple--the trial court should have granted Mobil's motion for a directed verdict. Mr. Mitchell's claim regarding Mobil's failure to request judgment not withstanding the verdict is therefore superfluous. Mr. Mitchell raised the claims he is now asserting in his petition for rehearing. We have denied relief on those claims, the law of the case controls.
 
 
 11
 28 U.S.C. § 2106 specifically authorizes courts of appeals to "direct the entry of ... appropriate judgment." This we did in the first appeal. Mr. Mitchell argues that a court of appeals should not direct judgment for a verdict loser who had not moved for judgment not withstanding the verdict. Authority exists to support this argument. See Cone v. West Virginia Pulp & Paper Co., 330 U.S. 212 (1947). Contrary authority also exists. See Neely v. Martin K. Eby Constr. Co., 386 U.S. 317, 325-26 (1967) (holding no ironclad rule exists dictating that the court of appeals should never order judgment for a defendant when the plaintiff's verdict has been set aside on appeal.) However, we need not decide this issue. Our decision in the first appeal became the law of the case. This panel is not entitled to change the decision of this court as enunciated by the first panel.
 
 
 12
 The judgment of the district court is AFFIRMED. Mr. Mitchell's arguments that the mandate of this court allows him a new trial are without merit, as are his arguments that this court lacked the power to deny him a new trial.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Mobil had moved for a directed verdict at the close of Mr. Mitchell's case. At the close of all evidence, Mobil again moved for a directed verdict