The clerk of the court is DIRECTED to issue a writ of injunction.

### E.T. MANUFACTURING COMPANY, INC., Plaintiff,

v.

### XOMED, INC., Defendant.

#### No. 86–100–Civ–J–14.

United States District Court, M.D. Florida, Jacksonville Division.

Dec. 17, 1987.

Robert Meek, Commander, Legler, Werber, Dawes, Sadler and Howell, Jacksonville, Fla., for plaintiff.

John W. Chestnut, Jerome F. Fallon, Richard B. Hoffman, Tilton, Fallon, Lungmus & Chestnut, Chicago, Ill., William E. Kuntz, Smith & Hulsey, Jacksonville, Fla., for defendant.

## ORDER

SUSAN H. BLACK, District Judge.

This case came on to be heard on plaintiff's Motion For A Summary Judgment Of Infringement, filed on August 17, 1987. The defendant filed a response on August 31, 1987. The Court heard argument on December 3, 1987.

On October 14, 1987, the Honorable Harvey E. Schlesinger, United States Magistrate, denied defendant's Motion For Leave To File An Amended Answer to include the affirmative defense of license as is required by Fed.R.Civ.P. 8(c). An affirmative defense not pleaded in the defendant's answer is waived. *See Troxler v. Owens–Illinois, Inc.*, 717 F.2d 530, 532 (11th Cir. 1983). Defendant has not filed any objections to the Magistrate's order. Accordingly, the defendant is barred from raising the license defense in its opposition to this motion for summary judgment. Defendant argues, however, that the Court should consider its license defense because the defense was framed in the pretrial stipulation filed on September 9, 1987, and the parties had a full and fair opportunity to engage in discovery on the issue. For the purposes of this motion for summary judgment, the Court will consider the license issue as presented by the parties.

On July 1, 1987, this Court found that an issue of fact existed on the question whether the patent was valid. The Court found that the parties disputed the date upon which defendant began making and selling the ventilation tubes, therefore, making it unclear whether the patent was valid under 35 U.S.C. § 102(b). The instant motion for summary judgment is not to determine whether the patent is valid but assuming

**532**

validity whether defendant has infringed the patent.

■ Defendant's only argument against the plaintiff's motion for a summary judgment of infringement is that plaintiff issued it a license to manufacture and sell the tubes. Plaintiff argues that it did not issue such a license. The Court finds that an issue of fact exists on the question whether or not plaintiff issued defendant a license.

■ Despite the issue of fact on the question whether plaintiff at any time issued a license, summary judgment may still be appropriate. Plaintiff argues that even if it did issue defendant a license, it rescinded the license. This recision allegedly occurred on September 3, 1971, when Dr. Paparella, plaintiff's predecessor in interest, wrote to James L. Geraci, Xomed's Production Manager, stating that Xomed had no permission to sell the tubes:

> I do not want [Xomed] to market these tubes....
>
> It was my understanding that at this point we would only be discussing possible prototype tubes which would be developed by you and eventually sold by you but I certainly have not given Xomed the green light to market these tubes at this time.

Plaintiff's Exhibit F. David Walchle conceded at his deposition that by the time that Dr. Paparella sent the above-referenced letter (plaintiff's Exhibit F), Dr. Paparella had "changed his mind, big-time changed his mind." Plaintiff's Exhibit D, Walchle Deposition at 128.

Defendant apparently disputes the assertion that Dr. Paparella rescinded the license and argues that Dr. Paparella's actions indicate that he did not rescind the license. As support, defendant points to the letters exchanged by Dr. Paparella and the attorneys for Medical Products Corporation. In September 1973, the attorneys requested Dr. Paparella's approval to send a letter to Xomed requesting that Xomed discontinue using Dr. Paparella's name. Dr. Paparella refused to approve the letter.

On review of these letters (defendant's Exhibits A, B, and C), the Court finds that they do not contradict the unambiguous evidence that Dr. Paparella in September 1971 rescinded any permission he may have given Xomed to sell the tubes. The attorneys for Medical Products Corporation suggested that Dr. Paparella should try to make Xomed cease from using his name on the tubes that Xomed was selling. Xomed's permission from Dr. Paparella or lack of permission was not contemplated by the attorneys of Medical Products Corporation or Dr. Paparella. Dr. Paparella responded that he did not consider the attorneys his legal representatives and that he thought that there had been "too much concern" about the use of his name. No inference can be drawn from these letters that Dr. Paparella had issued a license to Xomed or, if he had issued a license, that he had not rescinded it. Xomed has presented no evidence from which the Court may infer that Dr. Paparella had not rescinded any license if in fact any license had ever been granted.

■ Defendant also argues that its license was irrevocable because it had accepted the license and had expended money to tool up and to make the product. Defendant apparently argues that plaintiff is estopped from raising recision of the license in light of plaintiff's alleged original licensing agreement and defendant's expenditure of resources in reliance on the agreement. Defendant has cited no authority in support of this legal assertion.

In this Court's Order of July 1, 1987, this Court found that the defendant was not entitled to summary judgment on the grounds that plaintiff was estopped from arguing the validity of the patent. The Court stated that it was

> unable to find from the evidence that E.T. acted in such a way as to induce Xomed into believing that E.T. was abandoning its claim to the patent. On the contrary, the evidence indicates that although E.T. only sporadically questioned Xomed about its challenge to the patent, E.T. never agreed that Xomed's chal-

lenge was meritorious. (*See* Xomed's Exhibits Q, S, T, V, X, Z, and BB).

For the same reasons, this Court now finds that plaintiff is not estopped from raising recision of the license on this motion.

Even assuming the Court were to find that plaintiff is estopped from arguing recision of the license on September 3, 1971, defendant presents no evidence that plaintiff's original licensing agreement, if it existed at all, made the license irrevocable. Defendant presents no affidavits or depositions from which this Court can infer that Dr. Paparella led Xomed to believe that he would never terminate Xomed's rights to produce his tubes. Defendant even admits that it has no evidence that plaintiff induced it to expend resources in tooling up and selling the product. *See* Pretrial Stipulation, Admitted Facts 17. That defendant tooled up after accepting what it may have mistakenly believed was an irrevocable license was at most a business decision and does not estop plaintiff from revoking it even today. Indeed, the institution of this lawsuit probably constitutes sufficient evidence of revocation of any license if one were found to exist. Accordingly, the Court sees no reason for departing from the well established common law rule that a license is revocable by the licensor at will. The Court will, therefore, grant plaintiff's motion for summary judgment.

Accordingly, it is

ORDERED:

1. That plaintiff's Motion For Summary Judgment Of Infringement, filed on August 17, 1987, is granted.

2. That if E.T. Manufacturing Company, Inc.'s patent is found valid, the Court will find that Xomed, Inc. has infringed the patent as to Type 1 and Type 2 tubes.

3. That the parties shall forthwith contact the Honorable Harvey E. Schlesinger, United States Magistrate, to schedule a settlement conference.