**MOXNESS PRODUCTS, INC.,**
**Plaintiff/Appellant,**

v.

**XOMED, INC.,**
**Defendant/Cross–Appellant.**

Nos. 88–1609, 89–1008.

United States Court of Appeals,
Federal Circuit.

Dec. 6, 1989.

Rehearing Denied Jan. 31, 1990.

---

Barry W. Sufrin, of Hosier & Sufrin, Chicago, Ill., argued for plaintiff/appellant. With him on the brief was John T. Gabrielides, of Hosier & Sufrin.

John W. Chestnut, of Tilton, Fallon, Lungmus & Chestnut, Chicago, Ill., argued for defendant/cross-appellant.

Before BISSELL and MICHEL, Circuit Judges, and COWEN, Senior Circuit Judge.

BISSELL, Circuit Judge.

Moxness Products, Inc. (Moxness) appeals the order of the United States District Court for the Middle District of Florida, *Moxness Prods., Inc. v. Xomed, Inc.*, 8 USPQ2d 1281 (M.D.Fla.1988), granting judgment notwithstanding the verdict (JNOV), holding that United States Patent No. 3,807,409 ('409) is invalid for on-sale activity and public use, and granting a conditional new trial on those issues. Xomed, Inc. (Xomed) cross-appeals the adverse rulings on enforceability, estoppel, JNOV and new trial. We reverse-in-part, remand-in-part, and affirm-in-part.

## BACKGROUND *

The '409 patent relates to an ear ventilation tube used to treat medical problems of the middle ear. The patented product is known as the "Paparella ventilation tube," honoring one of its three co-inventors, Dr. Michael Paparella.

On August 31, 1972, Dr. Paparella, Dr. Edward Goldberg, and Ralph Ostensen filed the application that issued as the '409 patent in 1974. Medical Products Corporation (MPC), a medical devices designer and manufacturer and assignee of the '409 patent, and Moxness, a silicone rubber manufacturer and subsequent successor in interest to the '409 patent, formed a joint venture to produce the Paparella tubes.

Moxness, through its predecessor in interest, E.T. Manufacturing Co., Inc., initiated suit against Xomed in 1985 for infringement of the '409 patent. The district court entered partial summary judgments that Xomed's Type I and II ventilation tubes infringed the '409 patent, *see E.T. Mfg. Co. v. Xomed Inc.*, 695 F.Supp. 530, 533, 6 USPQ2d 1894, 1896 (M.D.Fla.1987), and that Moxness was barred by laches from recovering damages prior to filing suit, *see E.T. Mfg. Co. v. Xomed Inc.*, 679 F.Supp. 1082, 1087, 4 USPQ2d 1627, 1630 (M.D.Fla.1987). Then the issues of validity, intent and materiality underlying en-

---

* The task of sorting out the evidentiary record and procedural history of this case was exacerbated by the parties' five-volume joint appendix which, contrary to Federal Rule of Appellate Procedure 30(d), failed to contain a table of contents or index, and which included numerous excerpts of unidentified testimony.

forceability, willfulness, and damages were tried before a jury. The jury returned special verdicts finding that Xomed had failed to prove by clear and convincing evidence that (1) the claimed tubes were in public use or on sale prior to the critical date, (2) the claimed invention would have been obvious, and (3) the patent applicants or their attorneys had intentionally made material misrepresentations to the United States Patent and Trademark Office (PTO). The jury also found that (4) Xomed's infringement was not willful, (5) no lost profits damages were sustained, and (6) 20% of Xomed's Type I and II tube sales represented a reasonable royalty.

The district court entered judgment on the jury's special verdicts and denied Xomed's motions asserting estoppel and unenforceability for inequitable conduct. *See Moxness,* 8 USPQ2d at 1299–1305. In response to Xomed's other motions, the district court (1) granted JNOV, holding the patent invalid under 35 U.S.C. § 102(b) (1982) for public use and MPC's on-sale activity, (2) granted a conditional new trial on those issues, (3) denied JNOV on obviousness, and (4) denied a new trial on the reasonable royalty issue. *See id.* at 1282–96.

## ISSUES

1. Whether the district court erred in granting JNOV that the patent is invalid under 35 U.S.C. § 102(b) for MPC's on-sale activity or public use.

2. Whether the district court erred in granting a conditional new trial regarding the on-sale and public use issues.

3. Whether the district court erred in its rulings adverse to Xomed on enforceability, estoppel, JNOV and new trial.

## OPINION

### I. Judgment Notwithstanding the Verdict

In reviewing the district court's disposition of the motions for JNOV, we apply the standard articulated by the Eleventh Circuit. *See Sjolund v. Musland,* 847 F.2d 1573, 1576, 6 USPQ2d 2020, 2023 (Fed.Cir.

1988) (applying the law of the forum in which the suit arose to review a JNOV). "[T]he court should consider all the evidence in a light most favorable to the nonmovant and grant a judgment n.o.v. only if the facts and inferences point overwhelmingly in favor of the movant such that there can be but one reasonable conclusion." *Landsman Packing Co. v. Continental Can Co.,* 864 F.2d 721, 732 (11th Cir.1989). The trial court cannot consider the credibility of witnesses or weigh the evidence. *Watts v. Great Atl. & Pac. Tea Co.,* 842 F.2d 307, 310 n. 5 (11th Cir.1988); 9 C.A. Wright & A.R. Miller, Federal Practice and Procedure (Wright & Miller) § 2527, at 560 (1971 & Supp.1989).

### A. JNOV—On Sale

■ A patent is not valid if the invention was "in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States." 35 U.S.C. § 102(b). The jury returned a verdict finding that the Paparella tube covered by the patent claims was not on sale prior to August 31, 1971, the statutory bar date in this case. The district court granted JNOV, based on its conclusion that *In re Theis,* 610 F.2d 786, 792, 204 USPQ 188, 193 (CCPA 1979), compelled it to give no weight to certain testimony supporting the jury's verdict. This was reversible error.

The discredited testimony was that of Dr. Goldberg, the joint venture's medical director, who testified that a July 26, 1971, letter from G.D. Searle & Co. Ltd. to MPC was not an "order" but a "request" for Paparella tubes for developmental purposes. Mr. Ostensen, MPC's president in 1971, had characterized the letter as an "order" for Paparella tubes, and stated his belief that the "order" had been filled. In considering Xomed's JNOV motion, the district court explicitly "re-examined … Dr. Goldberg's testimony" and, based on *Theis,* ruled that the contradictory "oral testimony of Dr. Goldberg [could] be given no weight" because neither the letter nor Mr. Ostensen's related correspondence mentioned developmental purposes for the Pa-

parella tubes. The court further concluded that other documentary evidence "preclude[d] giving counter-balancing weight to Dr. Goldberg's oral testimony."

The district court erred in ruling that *Theis* required it, as a matter of law, to assign no weight to Dr. Goldberg's testimony when considering the motion for JNOV. While the PTO Board of Appeals (Board) in *Theis* refused to give any weight to an affidavit statement regarding experimental use that conflicted with documentary evidence, that case did not involve a JNOV motion. *Theis*, 610 F.2d at 792, 204 USPQ at 193. The CCPA's affirmance of the Board's decision did not elevate the Board's finding to a proposition of law, but merely showed deference to the Board's role as trier of fact, whose duty it is to weigh the evidence. Far from compelling a no-weight assignment to Dr. Goldberg's testimony, the Board's weighing of conflicting on-sale evidence in *Theis* has no relevance whatsoever to the assessment of Xomed's JNOV motion.

The erroneous reliance on *Theis* resulted in the district court's weighing of evidence, which is inappropriate when considering a JNOV motion. *Watts*, 842 F.2d at 310 n. 5. Therefore, the district court's grant of JNOV for on-sale activity is reversed.

### B. JNOV—Public Use

Applying the above standard of review for JNOV, we conclude that the district court also erred in granting JNOV on the jury's special verdict that the Paparella tube was not in public use prior to August 31, 1971. As with the on-sale issue, Dr. Goldberg's testimony regarding public use conflicted with other evidence. Based on *Theis*, the district court concluded that "Dr. Goldberg's testimony that he did not release the Paparella tubes for marketing until the second half of 1972 could be given no weight." Again, the district court erred by weighing the public use evidence, and accordingly, we reverse the JNOV on that issue.

### II. Conditional New Trial

The district court concluded that the jury's special verdicts regarding public use and on-sale activity were against the clear weight of the evidence. Where, as here, the court's grant of a new trial is conditioned on the appellate court's reversal of JNOV, the case ordinarily will go back for new trial unless the appellate court directs otherwise. *Neely v. Martin K. Eby Constr. Co.*, 386 U.S. 317, 322–23, 87 S.Ct. 1072, 1076–77, 18 L.Ed.2d 75 (1967); 9 Wright & Miller § 2540, at 618–19; *see* Fed.R.Civ.P. 50(c)(1).

■ In considering a motion for new trial, the district court has wide discretion and may consider the credibility of witnesses and weigh evidence. *Williams v. City of Valdosta*, 689 F.2d 964, 973 (11th Cir. 1982); 9 Wright & Miller § 2531, at 575. "[T]he trial court is to view not only that evidence favoring the jury verdict but evidence in favor of the moving party as well." *Williams*, 689 F.2d at 973.

■ Moxness has failed to persuade us that the great weight of the evidence was not in Xomed's direction. *Cf. Conway v. Chemical Leaman Tank Lines, Inc.*, 610 F.2d 360, 367 (5th Cir.1980) (stating that "[h]ere there *is* no great weight of the evidence in any direction" and reversing the grant of a new trial motion). The district court assessed the demeanor and credibility of Dr. Goldberg and concluded that his testimony could not be reconciled with the documentary evidence. Because the court was free to weigh the evidence and assess witnesses' credibility, the conditional grant of a new trial was not an abuse of discretion. *See Williams*, 689 F.2d at 974 (applying abuse of discretion standard to review the disposition of a new trial motion). We remand the case to the district court for new trial on the public use and on-sale issues.

### III. Xomed's Cross–Appeal

We have carefully considered the issues raised by Xomed and conclude that Xomed has not shown reversible error by the district court. We need not and do not discuss in detail each of Xomed's arguments. The district court did not err in denying Xomed's motion asserting estoppel and un-

enforceability, its motion for new trial regarding a reasonable royalty, or its motion for JNOV regarding public use prior to June 16, 1971, Xomed's on-sale activity prior to August 31, 1971, and obviousness. We further conclude that the district court did not abuse its discretion in its evidentiary rulings.

### CONCLUSION

We reverse the district court's grant of JNOV on the issues of public use and on-sale activity. We affirm the district court's grant of a conditional new trial and remand for a new trial on the issues of MPC's on-sale activity and public use between June 16 and August 31, 1971. We affirm the judgment in all other respects.

### COSTS

Each party shall bear its own costs.

REVERSED–IN–PART, REMANDED–IN–PART, and AFFIRMED–IN–PART.